### GILKEY *v.* PAIGE.

When a defendant, who might, by demurrer or plea to the whole bill, have protected himself against a particular discovery, submits to answer the whole bill, he must answer as fully as in any other case.

When irrelevancy is made a ground for refusing to answer a particular question, or part of a bill, it should appear that an answer to such part would, in no aspect of complainant's case, as made by the bill, be of service to him.

EXCEPTIONS to Master's report, disallowing exceptions to answer.

*D. Stuart,* for complainant.

*E. C. Seaman,* for defendant.

THE CHANCELLOR.   The rule that, if a defendant submits to answer a bill, he is bound to answer it fully, when understood to mean he must answer every particular charge or allegation in the bill, notwithstanding there may be particular objections to answering such charge or allegation, not applicable to the whole bill,—has many exceptions; as where an answer to such charge or allegation would subject defendant to a penalty or forfeiture, or would criminate him, or would be immaterial to complainant's case, or would require him to disclose some fact which he is not bound by law to disclose.   But when the rule is understood in its more restricted and correct sense, it means that when a defendant, who might, by demurrer or plea to the whole bill, have protected himself against a particular discovery, submits to answer the whole bill, he thereby waives a right, having its origin in the rules of pleading, and which is incident to a particular mode of defence; and must answer as fully as in any other case.

Mr. Wigram says, "The proper explanation of the rule is,—that, if a defendant who *might* have defended himself by demurrer, or plea,—and thereby escaped from the necessity of answering all, or part of the bill,—has waived those modes of defence, and *elected* to make his defence by answer,—he cannot urge the demurrable character of the bill *only*,—or that a plea might have been successfully pleaded to it *only*—as a reason for not answering *particular* questions.   The submission to answer concludes him as to that,—*but no further*.   The rule decides only that an answer which is the result of *choice*, is subject to the same rules as an answer from necessity." *Wigram on Discovery*, 193.

The exceptions not allowed by the Master, it is insisted, are to matters wholly irrelevant; and which, if admitted, would not entitle complainant to a decree in his favor. To determine the relevancy of the matters excepted to as not answered, we must look to the case made by the bill. Defendant having advertised for sale, under the statute, certain premises mortgaged to him by complainant, for $400, the latter filed his bill to obtain an injunction against the sale, and for other and further relief.   The bill alleges usury in the loan of money for which the mortgage was given.   It also alleges that the bills of the Farmers' Bank of Genesee County were received as money; that, soon after, the bank failed; that some of the bills which complainant had passed off, before he knew of the insolvency of the bank, were returned to him; that some he disposed of afterwards for a trifle, and that he still had a considerable amount of them on hand.   It also alleges that the pretended bank was a fraudulent institution; and charges various facts and circumstances relative to its mode of doing business, in proof of the fraud, and connecting defendant with it.   There is no special prayer for relief; but, under the

general prayer, complainant may have such relief as the nature of the case made by the bill will warrant. The exceptions not allowed by the Master, relate to the fraudulency of the institution. Now, should complainant be able to prove the bank, from its inception throughout, was intended to defraud the community; that defendant was a party to the fraud; and that complainant still retains in his possession a part of the bills received by him of defendant, would it be contended no relief could be given, and that the amount of such bills should not be deducted from what is due on the mortgage? It is unnecessary to go further, on the present occasion, and say what would be the effect of such fraud on the mortgage itself, as between the parties to it.

When irrelevancy is made a ground for refusing to answer a particular question, or part of a bill, it should appear an answer, in no aspect of complainant's case as made by the bill, could be of service to him.

Exceptions to Master's report allowed.